UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

CARL LEE LEDFORD,

    Plaintiff,

    v.                                    CAUSE NO.: 1:17-CV-438-HAB

CITY OF FORT WAYNE INDIANA, R.
NYSTUEN, and A SHEFFERLY,

    Defendants.

**OPINION AND ORDER**

Plaintiff, Carl Lee Ledford, proceeding pro se, sued Defendants City of Fort Wayne, A. Shefferly, and R. Nystuen, alleging that they violated his rights during a traffic stop that led to his arrest. The following claims are pending: Fourth Amendment claims against Officer Shefferly for false arrest related to the traffic stop, for false arrest related to his arrest, and for use of excessive force during the search incident to arrest; bystander liability claim against Officer Nystuen; and, a corresponding *Monell* claim against the City.

This matter is before the Court on Defendants' Motion for Summary Judgment [ECF No. 138]. Defendants designate as evidence the Affidavit of Officer Anthony Shefferly, the squad car video from the August 1, 2016, traffic stop, and the Affidavit of Officer Ryan Nystuen. These exhibits, they argue, show that Defendants are entitled to judgment as a matter of law for the following reasons: (1) the August 1, 2016, traffic stop was supported by probable cause; (2) Plaintiff's arrest was supported by probable cause;

(3) Officer Shefferly conducted an appropriate search incident to arrest; (4) there is no basis for bystander liability; and (5) there is no basis for municipal liability.

In connection with their Motion, Defendants filed a Notice of Summary-Judgment Motion [ECF No. 140], in compliance with Northern District of Indiana Local Rule 56-1(f). Plaintiff did not file a response. However, he did file his own "Motion for Entry of Default; for Summary Disposition and/or Request for Trial by Jury" [ECF No. 143]. Plaintiff's submission did not meet the requirements for an adequate response to a summary judgment motion or a motion in support of summary judgment. However, because it was not clear whether Plaintiff received the Rule 56-1(f) Notice before submitting his filing, the Court denied Plaintiff's motion and granted him until May 20, 2019, to file a response to the Defendants' Motion for Summary Judgment. Plaintiff has not filed a response.[1]

For the reasons stated in this Opinion and Order, the Court GRANTS Defendants' Motion for Summary Judgment.

## FACTUAL BACKGROUND

On August 1, 2016, Officer Anthony Shefferly conducted a traffic stop of Plaintiff and subsequently placed Plaintiff under arrest. He conducted a search of the Plaintiff incident to that arrest.

---

[1] The Court's Order, which was mailed to the address provided by Plaintiff in December 2018, was returned as not deliverable and unable to forward. Plaintiff previously notified the Court when he changed his address. (*See* 12/12/18 Notice of Change of Address, ECF No. 130.) Plaintiff has not notified the Court of any changes since December 2018.

2

On August 1, 2016, shortly before 2:00 p.m., Officer Shefferly was in his fully marked squad car on Anthony Boulevard in Fort Wayne, Indiana. Officer Shefferly—who has received specific training on observing whether drivers and other occupants of vehicles are wearing seatbelts—observed Plaintiff driving and not wearing a seatbelt. Plaintiff looked at Officer Shefferly and then fastened his seatbelt. Officer Shefferly activated his lights and siren to initiate a traffic stop. Plaintiff pulled onto a side street and stopped.

Officer Shefferly approached the driver's side of the vehicle and began speaking with Plaintiff. Plaintiff was argumentative, accused Officer Shefferly of harassment, and complained about frequently being the subject of traffic stops. Officer Shefferly informed Plaintiff that he pulled him over for not wearing a seatbelt.

Shortly after the stop was initiated, Officer Nystuen arrived on the scene to stand by as back up. He primarily stood by and observed while Officer Shefferly conducted the traffic stop.

Officer Shefferly obtained Plaintiff's identification and returned to his squad car to run a BMV records check. The check revealed that Plaintiff's driving status was "Driving While Suspended Prior," meaning that Plaintiff had a suspended license and had previously been convicted of driving with a suspended license. Officer Shefferly returned to the vehicle, asked Plaintiff to exit, arrested the Plaintiff, and placed him in handcuffs.

After placing Plaintiff under arrest, Officer Shefferly performed a search of the Plaintiff's person. Plaintiff was not cooperative, which made it difficult for Officer Shefferly to determine whether Plaintiff had any weapons or contraband on his person.

One area that was made particularly difficult to search because of Plaintiff's movements was near the groin area, where officers are trained to check for weapons and contraband. Officer Shefferly was able to confirm that Plaintiff did not have any weapons. The only item recovered during the search was money from Plaintiff's front pocket.

After Plaintiff was searched, Officer Shefferly's placed him in the squad car. Plaintiff insisted that his license was not suspended, but he did not have any documents showing the status. Officer Shefferly asked dispatch to confirm Plaintiff's driving status. Dispatch confirmed that Plaintiff was listed as Driving While Suspended Prior. Officer Shefferly transported Plaintiff to the Allen County Jail.

Plaintiff was subsequently charged with Driving with a Suspended License and failure to use a safety restraint.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is the moment in litigation where the non-moving party is required to marshal and present the court with evidence on which a reasonable jury could rely to find in his favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "A district court should deny a motion for summary judgment only when the non-moving party presents admissible evidence that creates a genuine issue of material fact." *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (first citing *United States v. 5443 Suffield Terrace*, 607 F.3d 504, 510 (7th Cir. 2010); then citing *Swearnigen–El v. Cook Cty. Sheriff's Dep't*, 602 F.3d 852, 859 (7th Cir. 2010)).

When a party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). The court may also "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). This applies even to pro se litigants, who are not excused from complying with the Federal Rules of Civil Procedure. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (stating that although "courts are required to give liberal construction to pro se pleadings[,] . . . it is also well established that pro se litigants are not excused from compliance with procedural rules"); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (stating that "the Supreme Court has made clear that even pro se litigants must follow rules of civil procedure").

## DISCUSSION

**A.  Probable Cause and Search Incident to Arrest**

Plaintiff cannot prevail on his claim that the August 1, 2016, traffic stop was a violation of his Fourth Amendment rights unless the stop was unreasonable. *United States v. Miranda-Sotolongo*, 827 F.3d 663, 666 (7th Cir. 2016). The Supreme Court has held that the decision to stop an automobile is reasonable when the police have probable cause to believe that a traffic violation has occurred. *Whren v. United States*, 517 U.S. 806, 810 (1996); *see also United States v. Smith*, 668 F.3d 427, 430 (7th Cir. 2012) ("A traffic stop does not violate the Fourth Amendment when the police officer has probable cause to believe that a driver has committed [a traffic violation]."). Probable cause exists when "the circumstances confronting a police officer support the reasonable belief that a driver has

committed even a minor traffic offense." *United States v. Cashman*, 216 F.3d 582, 586 (7th Cir. 2000). "A stop and search can be reasonable even if the defendant did not actually commit an offense as long as the officer reasonably believed an offense occurred." *United States v. McDonald*, 453 F.3d 958, 960 (7th Cir. 2006).

In Indiana, "[e]ach occupant of a motor vehicle equipped with a safety belt . . . shall have a safety belt properly fastened about the occupant's body at all times when the vehicle is in forward motion." Ind. Code § 9-19-10-2. Based on his observation, Officers Shefferly believed that Plaintiff was not wearing a seatbelt as required by Indiana Code. These circumstances supplied the necessary probable cause for the stop.

Additionally, Plaintiff cannot prevail on his false arrest claim if there was probable cause to arrest him for driving with a suspended license:

> "It is well settled that the actual existence of probable cause to arrest precludes a § 1983 suit for false arrest." *Juriss v. McGowan,* 957 F.2d 345, 349 n.1 (7th Cir. 1992) (citing *Schertz v. Waupaca County,* 875 F.2d 578, 582 (7th Cir. 1989)); *see also Fernandez v. Perez,* 937 F.2d 368, 370 (7th Cir. 1991) (stating that probable cause to arrest "serves as an absolute bar to the plaintiff's claim for false arrest/imprisonment"). Simply stated, "a person arrested with probable cause cannot cry false arrest . . . . [a]nd without a predicate constitutional violation, one cannot make out a prima facie case under § 1983." *Juriss,* 957 F.2d at 349 n.1 (internal citations omitted). Consequently, if there was probable cause to arrest [the plaintiff], it serves as a bar to his § 1983 false arrest claim.

*Morfin v. City of East Chi.*, 349 F.3d 989, 997 (7th Cir. 2003). "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) (holding that defendant officer did

not violate Fourth Amendment when he had probable cause to arrest plaintiff for failing to wear a seat belt).

The designated evidence shows that Officer Shefferly relied upon information provided in BMV records to determine that Plaintiff's license was suspended, and that he had previously been convicted of driving with a suspended license. In Indiana, it is a Class A misdemeanor to operate a motor vehicle with a suspended license. Ind. Code § 9-24-19-2. When Plaintiff protested that his license was not suspended, Officer Shefferly confirmed the BMV information with dispatch. "Police officers are entitled to rely on the reasonable information relayed to them from a police dispatcher." *United States v. Mounts*, 248 F.3d 712, 715 (7th Cir. 2001). Officer Shefferly was not required to believe the Plaintiff's assertion, particularly as he provided no proof to contradict the information from the BMV records and dispatch. *See Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998) (confirming that where officer has established cause on every element of an offense, he need not continue investigating to test a claim of innocence).

Plaintiff's lawsuit also challenges the search incident to arrest. But a search incident to arrest is "automatically valid" under the Fourth Amendment. *United States v. Jackson*, 377 F.3d 715, 716 (7th Cir. 2004) (noting that no "person-specific suspicion" is necessary). Where an individual has been arrested on probable cause, it is reasonable for police to search the body, clothing, and immediate possessions of arrestees with or without cause to believe, or reason to suspect, the arrestee is armed or carrying contraband. *Id.* To the extent Plaintiff claims more force was used than necessary to effectuate his arrest, the Fourth Amendment's reasonableness standards govern. *Graham*

*v. Connor*, 490 U.S. 386, 395 (1989). An officer who has the right to arrest an individual also has the right to use some degree of physical force or threat of force to effectuate the arrest. *Graham*, 490 U.S. at 396.

According to Defendants' designated evidence, Officer Shefferly conducted a search of Plaintiff, which was rendered difficult by Plaintiff's movement, but did not require any force. Additionally, it extended only to his body, which is within the scope of a search incident to arrest. *See United States v. Hill*, 818 F.3d 289, 295 (7th Cir. 2016) ("A search incident to arrest is valid if it does not extend beyond 'the arrestee's person and the area within his immediate control.'") (quoting *Arizona v. Gant*, 556 U.S. 332, 339 (2009)).

Defendants have identified those portions of the record that they believe demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Accordingly, Plaintiff was required to marshal and present the court with the evidence on which a reasonable jury could rely to find in his favor. *See AA Sales & Assocs., Inc. v. Coni-Seal, Inc.*, 550 F.3d 605, 613 (7th Cir. 2008). "When a plaintiff fails to produce evidence, the defendant is entitled to judgment; a defendant moving for summary judgment need not produce evidence of its own." *Marion v. Radtke*, 641 F.3d 874, 876–77 (7th Cir. 2011) (citing *Celotex*, 477 U.S. 317).

In short, Plaintiff's claims fail because he puts forth no evidence that would enable a reasonable jury to find that the Defendant officers lacked probable cause to stop his vehicle, arrest him, and conduct a search incident to arrest. Because Plaintiff has not presented the Court with evidence on which a reasonable jury could rely to find in his

favor, *see Goodman*, 621 F.3d at 654, the Defendant officers are entitled to judgment as a matter of law on the claims that they violated his Fourth Amendment rights in connection with the August 1, 2016, traffic stop, arrest, and search of his person.

**B.     Municipal Liability**

Plaintiff has named the City of Fort Wayne as a Defendant. The claims against the City fail as a matter of law because a municipality's liability for a constitutional injury "requires a finding that the individual officers are liable on the underlying substantive claim." *Tesch v. Cty. of Green Lake*, 157 F.3d 465, 477 (7th Cir. 1998) (first citing *City of L.A. v. Heller*, 475 U.S. 796, 799 (1986); then citing *Estate of Phillips v. City of Milwaukee*, 123 F.3d 586, 597 (7th Cir. 1997); and then citing *Thompson v. Boggs*, 33 F.3d 847, 859 (7th Cir. 1994)); *see also Treece v. Hochstetler*, 213 F.3d 360, 364 (7th Cir. 2000) (quoting *Tesch*).

Because the individual officers did not commit any constitutional violations, summary judgment in favor of the municipal Defendant is appropriate.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion for Summary Judgment [ECF No. 138]. The Clerk will enter judgment in favor of Defendants City of Fort Wayne, Indiana, R. Nystuen, and A. Shefferly and against Plaintiff.

SO ORDERED on May 24, 2019.

                                                  s/ *Holly A. Brady*
                                                  JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT